UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN LAMAR MARTIN,<br><br>  Petitioner,<br><br>v.<br><br>BRIAN CATES, Warden,<br><br>  Respondent. | Case No.: 22-cv-1563-CAB-DDL<br><br>**REPORT AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR STAY AND ABEYANCE**<br><br>**[Dkt. No. 2]** |

This Report and Recommendation is submitted to United States District Judge Cathy Ann Bencivengo pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California.

On October 11, 2022, Petitioner Edwin Lamar Martin ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. Dkt. No. 1. Petitioner concurrently filed a Motion for Stay and Abeyance ("Motion") pursuant to *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Dkt. No. 2. On November 7, 2022, counsel for Respondent Brian Cates ("Respondent") filed a notice of Non-Opposition to Petitioner's Motion for Stay and Abeyance. Dkt. No. 5. Having considered the entirety of the parties' submissions and the underlying record, and for the reasons set forth below, the Court **RECOMMENDS** that Petitioner's Motion be **GRANTED**.

# I.

# **FACTUAL AND PROCEDURAL HISTORY**

In February 2018, Petitioner was charged in state court with sexually assaulting three victims and falsely imprisoning one of the victims. Dkt. No. 1 at 12.[1] On March 5, 2020, a jury convicted Petitioner of both offenses, and the trial court sentenced Petitioner to three consecutive terms of 15 years to life (one for each victim), plus three years for false imprisonment. *Id*. at 1, 12.

On direct appeal, Petitioner contended that the trial court erred in denying his motion for a mistrial after the prosecutor violated an *in limine* order by failing to admonish a witness not to testify that Petitioner was known to have guns. Dkt. No. 1-2 at 2. Petitioner also raised two challenges to his sentence. *Id.* On April 29, 2021, the California Court of Appeal affirmed Petitioner's conviction and remanded the case for re-sentencing. *Id*.

On July 14, 2021, the California Supreme Court denied Petitioner's petition for review. Dkt. No. 1-3. Petitioner declined to petition the United States Supreme Court for a writ of certiorari, and his conviction became final 90 days later on October 12, 2021. Dkt. No. 1 at 3.

On October 2, 2022, Petitioner constructively filed a petition for a writ of habeas corpus in the California Superior Court.[2] Dkt. No. 1 at 3, 10. Petitioner asserts that his state habeas petition raises the same three challenges as his subsequently-filed federal Petition:

1. His conviction was the result of a fundamental miscarriage of justice;

---

[1] Page citations are to the page numbers generated by CM/ECF.

[2] Pursuant to the "mail box rule," a prisoner's habeas filings are constructively filed when they are turned over to prison officials for filing with the court. *Houston v. Lack*, 487 U.S. 266, 276 (1988); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000). Here, Petitioner alleges that his state habeas petition was mailed on October 2, 2022, which the Court accepts as the constructive filing date.

      2.      He received ineffective assistance of counsel; and

      3.      The trial court erred by denying his motion for a mistrial.

*Id.* at 3, 23-38. Of these three claims, only the third was raised before the California Supreme Court on direct review. Dkt. No. 1 at 6-8.

Petitioner filed his federal Petition on October 11, 2022, one day before the federal statute of limitations ran. However, because the Petition's first and second claims are unexhausted, Petitioner filed the instant Motion for Stay and Abeyance concurrently with his federal Petition. Dkt. No. 2. Respondent does not oppose Petitioner's motion for stay and abeyance. Dkt. No. 5.

## II.

## **LEGAL STANDARD**

"[A] state prisoner must exhaust available state remedies before presenting his claim to a federal habeas court." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims" as "the interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (*citing Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). "As a result of the interplay between [the federal] 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. Thus, when presented with a petition containing a mixture of exhausted and unexhausted claims, "a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." *Id.* Such a "stay and abeyance should be available only in limited circumstances" and is appropriate where: (1) "there was good cause for the petitioner's failure to exhaust his claims first in state court," (2) the unexhausted claims are not "plainly meritless" and (3) there is no indication the petitioner has engaged in "abusive litigation

///

tactics or intentional delay." *Id*. at 277-78. Courts should also "place reasonable time limits on a petitioner's trip to state court and back." *Id*. at 278.

### III.
### DISCUSSION

Petitioner acknowledges that the first two claims in his federal Petition are unexhausted, and he seeks relief under *Rhines* to stay this action and hold the Petition in abeyance pending resolution of these claims in his state habeas petition.

### A.   Good Cause for Failure to Exhaust

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. "The caselaw concerning what constitutes 'good cause' under *Rhines* has not been developed in great detail." *Dixon v. Baker*, 847 F.3d 714, 720 (9th Cir. 2017) (citation omitted). Although good cause "does not require a showing of extraordinary circumstances," "a petitioner must do more than simply assert that he was under the impression that his claim was exhausted." *Id*. (citations and internal quotations omitted). However, the Supreme Court has recognized in dicta that "'[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute good cause' to excuse his failure to exhaust." *Blake v. Baker*, 745 F.3d 977, 980-81 (9th Cir. 2014) (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)) (internal quotation marks omitted). Additionally, the Ninth Circuit has held that a petitioner established good cause when he indicated that he "was without counsel in his state post-conviction proceedings" at which he was required, under state law, to raise claims of ineffective assistance of trial counsel. *Dixon*, 847 F.3d at 720-21 (*citing Martinez v. Ryan*, 566 U.S. 1, 17 (2012) ("Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in

the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.")).

Petitioner states that he "has a reasonable confusion about whether a state filing would be timely in federal court if [he] waited until he exhausted his state claims," because the statute of limitations on his federal claims expired on October 12, 2022, only six days after the state court received his habeas petition. Dkt. No. 2 at 1. Moreover, despite requesting an explanation from his trial counsel for the acts and omissions providing the basis for the ineffective assistance of counsel claim, Petitioner represents that counsel never responded to his letter dated September 1, 2022. *See* Dkt. No. 1 at 19-20. Because Petitioner's ineffective assistance claim is based on evidence not reflected in the trial record, California law requires Petitioner to assert the claim in a habeas petition. *People v. Anh The Duong*, 10 Cal. 5th 36, 56 (2020) ("Any claim of ineffective assistance based on evidence not in the trial record must be made in a habeas corpus petition.") (citation omitted). Petitioner is proceeding *pro se* and is therefore without the assistance of counsel in the pending initial-review collateral proceeding. Under *Dixon*, the good cause requirement may be satisfied where, as here, a petitioner is not represented by counsel in his state postconviction proceedings and raises claims of ineffective assistance of trial counsel. *Dixon*, 847 F.3d at 720. For these reasons, the Court finds that Petitioner has demonstrated good cause for his failure to exhaust all claims before filing his federal Petition.

**B.    At Least One of Petitioner's Unexhausted Claims Is Not "Plainly Meritless"**

"A federal habeas petitioner must establish that at least one of his unexhausted claims is not 'plainly meritless' in order to obtain a stay under *Rhines*." *Dixon*, 847 F.3d at 722. "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless it is perfectly clear that the petitioner has no hope of prevailing." *Id.* (citation and quotations omitted).

Petitioner's first claim asserts that "a fundamental miscarriage of justice occurred in petitioner's case as a result of the proceedings leading to conviction and sentence under state law." Dkt. No. 1 at 23. Liberally construed, the Petition appears to assert that Petitioner is actually innocent. *Id.* The second claim asserts that Petitioner received ineffective assistance of counsel. *Id.* at 24-32. The Court cannot determine based on the present record whether Petitioner's first claim is plainly meritless; however, Petitioner's second claim alleging ineffective assistance of counsel is not plainly meritless. Given that Petitioner must show that "at least one of his unexhausted claims is not plainly meritless," *Dixon*, 847 F.3d at 722, the Court concludes that Petitioner has met this requirement for a stay under *Rhines*.

To succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient and (2) that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Petitioner alleges four separate acts or omissions of trial counsel in support of his ineffective assistance claim: (a) wholesale failure to investigate the case, (b) failure to file motions seeking evidence to undermine the credibility of two witnesses, (c) failure to subpoena phone records in support of the defense, and (d) commission of cumulative, prejudicial errors. Dkt. No. 1 at 15-21. On its face, the Petition contains allegations that could plausibly support a finding that trial counsel's assistance was ineffective. In his Non-Opposition, Respondent also concedes that "the grounds [Petitioner] asserts for relief have arguable merit…." Dkt. No. 5 at 3. This is not to suggest that Petitioner will prevail on the merits of his ineffective assistance claim, but for purposes of the present motion, Petitioner must only show that the claim is not plainly meritless. Based on the Petition's allegations, Petitioner has satisfied the second requirement for a stay under *Rhines*.

C. **Absence of abusive litigation tactics or intentional delay**

Even when a petitioner demonstrates good cause and that his unexhausted claim is not plainly meritless, a stay is inappropriate where the petitioner has engaged in "abusive litigation tactics or intentional delay." *Rhines*, 544 U.S. at 278. Here, after the California

Supreme Court denied Petitioner's petition for review on July 14, 2021, his conviction became final on October 12, 2021, and he had one year from that date to file a federal habeas petition. *See* Dkt. No. 5 at 2-3. Petitioner represents that the state court received his state habeas petition on October 6, 2022. Dkt. No. 2 at 1. He submitted the instant federal Petition the following day, and the District Court received it for filing on October 11, 2022. Dkt. No. 1. Given Petitioner's status as an indigent, *pro se* litigant who proclaims to be "a layman at law with no legal training," these facts do not support a finding of intentional delay. *Id*. at 2. Respondent's concession that Petitioner "appears to be pursuing his remedies with some measure of diligence," lends further support for the Court's finding that nothing in the record indicates that Petitioner has engaged in dilatory or otherwise abusive litigation tactics. Dkt. No. 5 at 3. Petitioner therefore satisfies the third *Rhines* requirement.

## IV.
## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, Petitioner has satisfied the *Rhines* requirements for a stay and abeyance. Accordingly, **IT IS HEREBY RECOMMENDED** that the District Judge issue an Order:

1. Approving and adopting this Report and Recommendation;
2. **GRANTING** Petitioner's Motion for Stay and Abeyance;
3. Issuing a stay and abeyance of the Petition under *Rhines*;
4. Requiring Petitioner to file with the Court and serve on Respondent a status report detailing the progress in exhausting his two claims in state court every ninety days, commencing ninety days from the District Judge's Order; and
5. Requiring Petitioner to file a motion that the stay be lifted within thirty days of the state court's decision resolving his state habeas claims.

**IT IS ORDERED** that no later than **January 12, 2023** the parties may file written objections to this Report and Recommendation with the Court and shall serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.

**IT IS SO ORDERED.**

Dated: December 29, 2022

_____
Honorable David D. Leshner
United States Magistrate Judge